**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13071

Non-Argument Calendar

_____

ALFREDO CARLOS POTT,

*Plaintiff-Appellee,*

*versus*

WORLD CAPITAL PROPERTIES, LTD., et al.,

*Defendants,*

GONZALO LOPEZ JORDAN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-23942-JAL

_____

Before GRANT, TJOFLAT, and WILSON, Circuit Judges.

PER CURIAM:

Appellant Gonzalo Lopez-Jordan appeals the District Court's confirmation of a foreign arbitration award on two grounds: (1) that the District Court lacked subject matter jurisdiction and (2) that the District Court erred in enforcing the arbitration award against him despite not being a signatory to the original arbitration agreement. Appellant's appeal ultimately fails because he consented in writing to arbitrate the issue of arbitrability, thus binding himself to the determination of the arbitral tribunal. Accordingly, we affirm.

## I.    Background

On August 11, 2010, Appellee Alfredo Carlos Pott entered into the Stock Option Agreement ("SOA") with World Capital Properties, Ltd. ("WCP"). Lopez-Jordan was not a party to the original agreement. Relevant to the issue on appeal, the SOA contained an arbitration clause providing that "[a]ny controversy or claim arising out of or related to this Agreement shall be solely and finally settled by an arbitration panel acting in accordance with the International Chamber of Commerce rules of arbitration, in accordance with the regulations in force of arbitrations of law, which the Parties accept."

Before pursuing relief under the arbitration agreement, Appellee filed a criminal complaint before the National Court of First Instance in Criminal Matters in Argentina on March 31, 2011—which was dismissed on September 29, 2011.

Several years later, on November 21, 2014, Appellee filed a Request for Arbitration in the International Court of Arbitration of

the International Chamber of Commerce ("ICC") alleging that WCP, Santiago Steed, and Lopez-Jordan breached their agreement. The arbitration commenced on December 4, 2014, and on March 12, 2015, the ICC appointed a three-person arbitral tribunal (hereinafter "tribunal" or "arbitral tribunal").

Lopez-Jordan "objected early and often" to the ICC's jurisdiction. However, on December 4, 2015, he signed the Terms of Reference, a document prepared by the ICC outlining the issues to be adjudicated by the arbitral tribunal. ICC Rules Art. 23. One of the issues to be arbitrated contained in the Terms of Reference was the issue of arbitrability.

On October 23, 2016, the tribunal issued a Partial Award, finding that it had jurisdiction to consider Pott's claims against Lopez-Jordan. Several years later, on March 19, 2021, the tribunal rendered its Final Award, declaring that "Gonzalo Lopez Jordan and Santiago Steed are joint and severally liable together with World Capital Properties Ltd. for the damages caused to Alfredo Carlos Pott for the breach of their obligations under the SOA . . . ."

Shortly thereafter, on November 9, 2021, Pott filed an action in the District Court for the Southern District of Florida seeking enforcement of the Final Award pursuant to 9 U.S.C. §§ 9, 301, 302, and 207, and Article IV of the Inter-American Convention on International Commercial Arbitration of January 30, 1975 ("the Convention") or alternatively, Article III of the New York Convention and Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), alleging that Lopez-Jordan failed to comply

with the outcome of the tribunal.  On August 23, 2024, the District Court ruled for Pott, overruling Lopez-Jordan's objection that Pott failed to comply with the written-agreement requirement under the Convention.

Lopez-Jordan now appeals.

## II.    Standard of Review

"We review confirmations of arbitration awards and denials of motions to vacate arbitration awards under the same standard, reviewing the district court's findings of fact for clear error and its legal conclusions *de novo*." *Bamberger Rosenheim, Ltd. v. OA Dev. Inc.*, 862 F.3d 1284, 1286 (11th Cir. 2017) (citing *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010)).

## III.    Discussion

Appellant raises two issues on appeal—both involving the New York Convention's "agreement in writing" requirement. First, whether the District Court properly exercised subject matter jurisdiction over enforcement of the foreign arbitration award. And second, whether the District Court erred in confirming the foreign arbitration award against Lopez-Jordan despite being a non-signatory to the original agreement.

### A.  Jurisdiction

For purposes of enforcement and interpretation, the Convention and the New York Convention are largely identical, and case law interpreting provisions of the New York Convention

24-13071                Opinion of the Court                5

applies to the Convention.  The Parties do not meaningfully dispute that the Convention applies here.

Chapter 2 of the Federal Arbitration Act ("FAA") grants federal question jurisdiction to any action or proceeding falling under the New York Convention.  9 U.S.C. § 203.  Article IV of the New York Convention requires parties seeking enforcement of a foreign arbitration award to supply the "original agreement referred to in Article II or a duly certified copy thereof."  Article II requires an "agreement in writing" that is "signed by the parties or contained in an exchange of letters or telegrams."

Appellant cites *Czarina, L.L.C. v. W.F. Poe Syndicate*, where this Court held "that the party seeking confirmation of an award falling under the Convention must meet Article IV's prerequisites to establish the district court's subject matter jurisdiction to confirm the award." 358 F.3d 1286, 1292 (11th Cir. 2004).  He contends that since Pott failed to meet Article IV's prerequisites, namely the agreement in writing requirement, the District Court lacked jurisdiction to enforce the Final Award. [1]

Lopez-Jordan is incorrect for two reasons.  First, he mistakenly asserts that the agreement in writing requirement in Article IV of the New York Convention precludes enforcement against

---

[1] We need not decide whether *Czarina* correctly categorized Article IV as jurisdictional, or whether *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 126 S. Ct. 1235 (2006) abrogated that characterization.  Even assuming Article IV is jurisdictional, the Appellee satisfied its requirements by supplying the award and the agreement in writing.

any party that is a non-signatory. As the Supreme Court explained in *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, the Convention is "simply silent on the issue of non-signatory enforcement" and that background principles of state law still apply, including "assumption, piercing the corporate veil, alter ego, incorporation by reference . . ." etc. 590 U.S. 432, 437–40, 140 S. Ct. 1637, 1643–45 (2020). In other words, arbitration agreements *must* be enforced in certain circumstances, such as when the requirements of Article II are met, but in other situations, the courts of foreign states *may* apply domestic law and refer parties to arbitration. *Id.* at 1645.

Here, the arbitral tribunal concluded that it had jurisdiction over Lopez-Jordan based on a theory of veil-piercing. Therefore, the existence or non-existence of an agreement in writing is not dispositive when determining whether the tribunal had jurisdiction. The Appellant's assertion of coercion fails because proceeding with an already-constituted arbitration is not a wrongful threat. Furthermore, the Terms of Reference reflect the Appellant's own request that his jurisdictional objection be decided as a matter of prior and special ruling. As a result, the Appellant's claim that the District Court lacked jurisdiction over confirmation of the Final Award fails.

Regardless, Lopez-Jordan's appeal fails for a much simpler reason—he, through his attorney, signed the Terms of Reference, which explicitly grant the arbitral tribunal the authority to arbitrate the issue of arbitrability. By signing the Terms of Reference,

24-13071                 Opinion of the Court                 7

Appellant consented to be bound by the arbitral tribunal's determination of the following litigious matter:

> a. Inexistence of an arbitration agreement with respect to Lopez Jordan, allowing the arbitral jurisdiction. Inapplicability of the theory of "piercing the corporate veil" with respect to Lopez Jordan. The Claimant's claim concerns matters alien to the SOA and the scope of application of the arbitration agreement provided therein. Lopez Jordan requests that this litigious point be resolved as a matter of prior and special ruling.

"Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *JPay, Inc. v. Kobel*, 904 F.3d 923, 930 (11th Cir. 2018) (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, 106 S. Ct. 1415, 1418 (1986)) (internal quotation marks omitted). However, if the parties agreed to submit the issue of arbitrability to arbitration, the court's standard for reviewing the arbitrator's decision should be the same as its standard for reviewing any other matter the parties agreed to arbitrate, setting aside his or her decision "only in certain narrow circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S. Ct. 1920, 1923 (1995).

Here, Appellee provides clear and unmistakable evidence that the parties intended to arbitrate the issue of arbitrability. The Terms of Reference, signed by the Appellant, contain a provision submitting the issue of arbitrability to be arbitrated by the tribunal

in a special ruling. In its Partial Award, the arbitral tribunal determined that it had jurisdiction to consider Pott's claim against Lopez-Jordan. Therefore, the District Court correctly deferred to the arbitral tribunal's holding that Lopez-Jordan was bound by the arbitration clause in the SOA and that it had subject matter jurisdiction to enforce the foreign arbitration award.

### B. Confirmation of the Arbitral Award

Next, Appellant argues that as a non-signatory to the SOA, he did not consent to be bound by the arbitration, and therefore, the Final Award cannot be enforced against him. Parties must agree and consent to arbitration for it to be enforceable. *See Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 184, 139 S. Ct. 1407, 1416 (2019) ("Consent is essential under the FAA because arbitrators wield only the authority they are given.").

For the reasons stated in the previous section, this argument fails because Lopez-Jordan explicitly consented to arbitrate the issue of arbitrability in the arbitral tribunal by signing the Terms of Reference. Once the tribunal determined that it had jurisdiction over Lopez-Jordan, he became bound by its eventual determination on the merits.

The initial burden for confirming a foreign arbitration award is on the party seeking enforcement. *Czarina*, 358 F.3d at 1291. However, once the party seeking enforcement meets Article IV's filing requirement, the award is "presumed to be confirmable." *Id.* at 1292 n.3.

24-13071              Opinion of the Court                9

Pott met his requirements under Article IV by supplying the Terms of Reference to the District Court, therefore the Final Award is presumed to be confirmable.  Lopez-Jordan failed to provide sufficient evidence rebutting this presumption.

Accordingly, the District Court correctly confirmed the Final Award against Lopez-Jordan.

## IV.   Conclusion

For the foregoing reasons, the Amended Final Judgment of the District Court is affirmed.

**AFFIRMED.**